IN THE SUPREME COURT OF THE STATE OF DELAWARE

GENE L. FULTON, §
§ No. 110, 2026
Defendant Below, §
Appellant, § Court Below–Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1508009967 (N)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: May 11, 2026
Decided: July 17, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

**<u>ORDER</u>**

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     Gene Fulton appeals the Superior Court's denial of his motion for sentence modification.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Fulton's opening brief that his appeal is without merit.  We agree and affirm.

(2)     In 2016, Fulton pleaded guilty to one count of second-degree burglary and one count of theft of a senior.  The State moved to have Fulton declared a habitual offender and sentenced for second-degree burglary under then-extant 11 *Del. C.* § 4214(a).  The Superior Court granted the State's motion and sentenced

Fulton as follows: for second-degree burglary, fifteen years of incarceration with no probation to follow; and for theft of a senior, two years of incarceration, suspended for decreasing levels of community supervision. Fulton did not appeal his convictions or sentence.

(3) In January 2026, Fulton moved for the modification of his sentence under newly enacted 11 *Del. C.* § 4217, which allows certain defendants to move for sentence modification under specific circumstances. The Superior Court summarily dismissed Fulton's motion,[1] and this appeal followed.

(4) Section 4217 does not require the Superior Court to grant an eligible petitioner's motion for sentence modification.[2] We therefore review the Superior Court's denial of a motion for sentence modification under Section 4217 for an abuse of discretion.[3]

(5) Section 4217 expressly permits the Superior Court to summarily dismiss an application if the person is not eligible for modification.[4] Under Section 4217, three categories of individuals are eligible to apply for sentence modification:

---

[1] *State v. Fulton*, 2026 WL 413081 (Del. Super. Feb. 12, 2026).

[2] 11 *Del. C.* § 4217(b)(1) ("The court *may* modify the person's sentence if the court finds all of the following…." (emphasis added)).

[3] *See Wehde v. State*, 227 A.3d 1096, 2020 WL 1814046, at *2 (Del. Apr. 7, 2020) (TABLE) ("Under § [4214](f), the Superior Court is not required to grant an eligible petitioner's motion for sentence modification. We therefore review the Superior Court's denial of a motion for sentence modification under § 4214(f) for abuse of discretion.").

[4] *Id.* § 4217(b)(6) ("The court may summarily dismiss an application for sentence modification for any of the following reasons… a. If the person is not eligible for a sentence modification under subsection (a) of this section….").

(i) a person who seeks modification based "solely" on his serious medical illness or infirmity; (ii) a person 60 years of age or older who seeks modification based "solely" on his rehabilitation and who has served at least 15 years of the originally imposed Level V sentence; and (iii) a person who seeks modification "solely" on his rehabilitation and who has served at least 25 years of the originally imposed Level V sentence.[5]  Fulton, who is over the age of 60 and whose application was based in large part on his rehabilitation, is not eligible to apply for sentence modification under Section 4217 because he has not yet served 15 years of the originally imposed Level V sentence.  Accordingly, the Superior Court did not abuse its discretion when it denied Fulton's application.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[5] 11 *Del. C.* § 4217(a)(3).